UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESIREE MOYE, | : |
| Plaintiff, | : |
| v. | : No. 17-cv-4776 |
| NANCY ANN BERRYHILL, Acting Commissioner Social Security Administration, | : |
| Defendant. | : |

**O P I N I O N**
Plaintiff's Request for Review, ECF No. 3—Granted
Report and Recommendation, ECF No. 15—Adopted in part

**Joseph F. Leeson, Jr.**                                                                **October 1, 2018**
**United States District Judge**

## I. INTRODUCTION

On July 1, 2013, Plaintiff Desiree Moye applied for supplemental security income and alleged she is disabled. After an Administrative Law Judge (ALJ) of the Social Security Administration denied her application, Moye filed a request for review in this Court under 42 U.S.C. § 405(g). ECF No. 3. United States Magistrate Judge Timothy R. Rice issued a Report and Recommendation (R&R), in which he recommends that this Court affirm the ALJ's denial of benefits. For the reasons discussed below, this Court adopts the R&R in part, grants Moye's request for review, and reverses the decision of the Social Security Administration.

## II. BACKGROUND

This Court adopts Magistrate Judge Rice's statement of the procedural and factual history from the R&R.

### III. LEGAL STANDARD

When objections to a report and recommendation have been filed, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

### IV. ANALYSIS

This Court reviews any findings of fact made by an ALJ under the deferential "substantial evidence" standard. 42 U.S.C. § 405(g); *Schaudeck v. Comm'r,* 181 F.3d 429, 431 (3d Cir. 1999). A district court must affirm an ALJ as long as substantial evidence supports her conclusions. *Craigie v. Bowen,* 835 F.2d 56, 57 (3d Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rutherford v. Barnhart,* 399 F.3d 546, 552 (3d Cir. 2005). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Id.* A district court reviews the record as a whole to determine whether substantial evidence supports a factual finding. *Schaudeck,* 181 F.3d at 431.

Analyzing a claim for disability benefits requires an ALJ to make certain credibility determinations and district courts defer to an ALJ's assessment of credibility. *See Diaz v. Comm'r,* 577 F.3d 500, 506 (3d Cir. 2009) ("In determining whether there is substantial evidence to support an administrative law judge's decision, we owe deference to his evaluation of the

2
100118

evidence [and] assessment of the credibility of witnesses . . . ."). However, the ALJ must specifically identify and explain what evidence she found not credible and why she found it not credible. *Adorno v. Shalala,* 40 F.3d 43, 48 (3d Cir. 1994) (citing *Stewart v. Sec'y of Health, Education and Welfare,* 714 F.2d 287, 290 (3d Cir. 1983)). An ALJ cannot reject evidence for no reason or for an incorrect reason. *Ray v. Astrue,* 649 F. Supp. 2d 391, 402 (E.D. Pa. 2009) (quoting *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993)).

The Social Security Administration has promulgated a five-step process for evaluating disability claims. *See* 20 C.F.R. § 404.1520 (1999). First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. If he is not, then the Commissioner considers in the second step whether the claimant has a "severe impairment" that significantly limits his physical or mental ability to perform basic work activities. If the claimant suffers a severe impairment, the third inquiry is whether, based on the medical evidence, the impairment meets the criteria of an impairment listed in the "listing of impairments," 20 C.F.R. pt. 404, subpt. P, app. 1 (1999), which result in a presumption of disability, or whether the claimant retains the capacity to work. If the impairment does not meet the criteria for a listed impairment, then the Commissioner assesses in the fourth step whether, despite the severe impairment, the claimant has the residual functional capacity to perform his past work. If the claimant cannot perform his past work, then the final step is to determine whether the claimant can perform other work that exists in the national economy. The claimant bears the burden of proof for steps one, two, and four of this test. *Sykes v. Apfel*, 228 F.3d 259, 262–63 (3d Cir. 2000). The Commissioner bears the burden of proof for the last step. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987).

The dispositive issues in this case involve the fourth step and the assessment of Moye's residual functional capacity (RFC). Moye objects to the R&R's conclusion that the ALJ appropriately analyzed the opinion of Dr. Ira Rubenfeld, the consultative examiner. Objs. 3-4, ECF No. 16. Moye argues that the ALJ did not explain which portions of Dr. Rubenfeld's opinions she accepted versus which she rejected in reaching the conclusion that Moye can perform light work. *Id.* This Court finds that this objection entitles Moye to relief, so it does not address her other objections to the R&R.

The question of whether Moye is disabled hinges on the interpretation of Dr. Rubenfeld's conclusions. After his examination of Moye, Dr. Rubenfeld concluded that she can occasionally lift and carry ten pounds, but never any greater weight. Rubenfeld Report, Ex. 5F, R. 347-348, ECF No. 7-7. He also found that Moye can sit for six hours at a time, stand for one hour, and walk for one hour in an eight-hour workday. *Id.* She can occasionally use her hands for reaching, handling, fingering, feeling, pushing and pulling, and can occasionally use her feet to operate foot controls. *Id.* These activities are consistent with the regulatory definition of sedentary work:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 416.967(a). Under the grid rules,[1] a finding that Moye has the residual functional capacity to perform only sedentary work, combined with the ALJ's conclusions that Moye has

---

[1] The Medical-Vocational Rules, or grid rules, are a shortcut method of determining whether work exists in the national economy that the claimant can perform. *See* 20 C.F.R. pt. 404, subpt. P, app. 2. The grids incorporate four factors—physical ability, age, education, and work experience—and list whether work exists (meaning the plaintiff is not disabled) or work does not exist for the claimant in the national economy (meaning the claimant is disabled) for given combinations of the four factors. *See Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000).

no past relevant work, falls into the "closely approaching advanced age" category, has a limited education and can communicate in English, would lead to a finding that she is disabled under Rule 201.9. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 2.

The ALJ gave Dr. Rubenfeld's report "some weight to the extent that it shows the claimant is not disabled and likely able to perform light work," but apparently rejected Dr. Rubenfeld's report to the extent that his findings suggest that Moye has the residual functional capacity to perform only sedentary work. ALJ Op. 6, ECF No. 7-2.[2] The ALJ concluded instead that Moye has the residual functional capacity to perform light work, which requires significantly more exertion than sedentary work:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 416.967(b).

After she concluded that Moye has the residual functional capacity to perform light work, the ALJ determined that Moye has no past relevant work, falls into the "closely approaching advanced age" category, has a limited education, and can communicate in English. ALJ Op. 7. Based on these factors, the ALJ applied Rule 202.10 of the grid rules and determined that Moye is not disabled. *Id*; *see* 20 C.F.R. § Pt. 404, Subpt. P, App. 2. Thus, whether Moye is disabled hinges on whether she can perform light work or only sedentary work, and whether Moye is entitled to relief depends upon

---

[2] The ALJ's opinion is located at pages 11-18 of the Social Security Administrative Record.

whether the ALJ's conclusion that Moye can perform light work and not just sedentary work is supported by substantial evidence.

The ALJ's decision in this case resembles an ALJ's decision that the Third Circuit Court of Appeals overturned in *Doak v. Heckler*, 790 F.2d 26 (3d Cir. 1986). In *Doak*, the ALJ reviewed a record that consisted of the claimant's testimony, three medical reports, and a vocational expert's testimony. *Id.* One of the physicians stated that the claimant was totally disabled and could perform no work, a second opined that the claimant could perform sedentary work, and the third offered no opinion, but recognized the claimant's significant physical limitations. *Id.* at 29. Regardless, the ALJ concluded that the claimant could perform light work. *Id.* at 28. The Third Circuit concluded that the record did not contain substantial evidence to support the ALJ's conclusion that the claimant could perform light work because none of the physicians' reports in evidence "suggested that the activity Doak could perform was consistent with the definition of light work set forth in the regulations, and therefore the ALJ's conclusion that he could is not supported by substantial evidence."[3] *Id.* at 29.

---

[3] As a court in this district has recognized recently, subsequent courts have interpreted the holding in *Doak* differently and disagree as to whether an ALJ must base an RFC assessment on a medical opinion from a physician. *Gladden o/b/o Hyman-Self v. Berryhill*, No. CV 17-1832, 2018 WL 1123763, at *4 n.3 (E.D. Pa. Feb. 28, 2018) (collecting cases). Some courts read *Doak* strictly to require an ALJ to base her RFC determination on at least one physician's opinion. *See, e.g., Kester v. Colvin*, No. 3:13-CV-02331, 2015 WL 1932157, at *2-3 (M.D. Pa. Apr. 21, 2015) (finding that "the ALJ should have based her RFC decision on at least one physician's opinion"); *see also Cummings v. Colvin*, 129 F. Supp. 3d 209, 216 (W.D. Pa. 2015) (holding that ALJ was not required to base RFC determination on a medical opinion, but collecting cases to the contrary). Others read *Doak* not as requiring an ALJ to base an RFC on a medical opinion, but rather as holding only that where none of the evidence in the record suggests that a plaintiff can perform light work, an ALJ's conclusion that the plaintiff can perform light work is not supported by substantial evidence. *See, e.g., Cummings*, 129 F. Supp. 3d at 215; *see also, e.g., Butler v. Colvin*, No. 3:15-CV-1923, 2016 WL 2756268, at *13 n.6 (M.D. Pa. May 12, 2016) (citing *Cummings* with approval); *Doty v. Colvin*, No. 13-80-J, 2014 WL 29036, at *1 n.1

Similarly, in *Patton v. Berryhill*, Judge Nealon of the Middle District of Pennsylvania found that the record did not contain substantial evidence to support the ALJ's conclusion that the claimant could perform light work. No. 3:16-CV-2533, 2017 WL 4867396, at *3 (M.D. Pa. Oct. 27, 2017). In *Patton*, the only medical opinion of record limited the claimant to sedentary work and lifting and carrying ten pounds at most. *Id.* at *4. However, the ALJ concluded that the claimant could perform light work and lift or carry up to twenty pounds, based on the evidence in the record that the claimant was recovering well from her back surgery. *Id.* Judge Nealon found that this conclusion was not supported by substantial evidence because he could not determine how the ALJ could conclude that the claimant could lift twenty pounds as required for light work where the only medical opinion limited her to ten pounds:[4]

> The fact that the ALJ did not give weight to any opinion involving the weight restrictions, but rather seemingly reinterpreted the medical evidence in arriving at the RFC determination that Plaintiff could lift and/ or carry twenty (20) pounds, goes to support the conclusion that the ALJ's RFC determination is not supported by substantial evidence.

---

(W.D. Pa. Jan. 2, 2014) (rejecting a reading of *Doak* that would "prohibit the ALJ from making an RFC assessment even if no doctor has specifically made the same findings and even if the only medical opinion in the record is to the contrary").

This Court does not address this disagreement because this is not a case of the ALJ drawing a conclusion that contravenes medical opinions but that is otherwise supported by medical evidence—instead, in this case the ALJ drew a conclusion, namely that Moye can lift twenty pounds as required for light work, which does not follow from the evidence.

[4] *Patton* falls within the first category of cases discussed in footnote 3 *supra*, which require an ALJ to base an RFC determination on a physician's medical opinion. Judge Nealon stated that "[r]arely can a decision be made regarding a claimant's residual functional capacity without an assessment from a physician regarding the functional abilities of the claimant." 2017 WL 4867396 at *3 (citing *Doak*). But he determined that the ALJ erred in concluding that the claimant could perform light work and occasionally lift twenty pounds both because the ALJ did not rely on a medical opinion and because the ALJ "made speculations and inferences based on the medical evidence." *Id.* at *4. *Patton* is persuasive here, independent of the question of how to interpret *Doak*, because the ALJ in this case made similar impermissible "speculations and inferences."

*Id.* at *4.

As was the case in *Doak*, the record in this case similarly includes a physician's opinion that describes the claimant's limitations as consistent with the ability to perform sedentary work, as well as another physician's opinion describing even more severe limitations.[5] As was the case in *Patton*, Dr. Rubenfeld stated that Moye could lift at most ten pounds on occasion, but the ALJ concluded that Moye could perform light work, which involves occasionally lifting twenty pounds. In support of her conclusion, the ALJ seems to have credited only Dr. Rubenfeld's findings that Moye does not need an assistive device to walk and can perform various activities of daily living, such as taking care of her personal needs, traveling by herself, using public transportation, shopping, and handling paper files. ALJ Op. 6. The ALJ cited other evidence in the record in support of the finding that Moye could perform the full range of light work and noted the following: Moye has not had surgery or inpatient hospitalization, her treatment has been conservative, and she presents no evidence of neurological deficits. *Id.* The ALJ noted that Moye's records present no signs of muscle atrophy, from which she inexplicably inferred that Moye "moves around in a fairly normal manner." *Id.* Moye can do household chores like cooking, sweeping, and laundry, can socialize with friends, shop, pay bills, read, listen to the radio, and watch television. *Id.* Magistrate Judge Rice noted in addition that Dr. Rubenfeld found that Moye's neurological examination was normal and that she had normal grip strength and gait. R&R 14-15.

Although this evidence shows that Moye retained some level of normal day-to-day function, none of these findings contradict Dr. Rubenfeld's conclusions that Moye could only

---

[5]     Dr. Manalo, Moye's treating physician, concluded that she could only lift and carry less than ten pounds and sit for less than two hours. Manalo Report, Ex. 7F, R. 435, ECF No. 7-9.

8
100118

occasionally carry up to ten pounds, could sit for six hours at a time, stand for one hour, and walk for one hour in an eight-hour workday. Moreover, Dr. Rubenfeld's conclusions are well-supported: he examined Moye and found significant limitations. The flexion of her lumbar spine was limited to 30 degrees out of 90. Rubenfeld Report, Ex. 5F, R. 344, ECF No. 7-7. Her shoulder range of motion was limited to 75 degrees out of 150 for forward elevation and 75 degrees out of 150 for abduction. R. 343. Dr. Rubenfeld found that right upright and both supine straight leg raising maneuver produced discomfort in the calf, and the left upright straight leg raising maneuver was positive. R. 341. Therefore, to the extent that the ALJ relied on this evidence in rejecting Dr. Rubenfeld's conclusions about Moye's limitations with respect to lifting, standing, and walking, the ALJ rejected Dr. Rubenfeld's conclusions for an incorrect reason.

Nor do the findings the ALJ cites establish on their own that Moye can occasionally lift twenty pounds, frequently lift and carry up to ten pounds, and walk and stand to the extent necessary to be capable of light work. To the extent that the ALJ concluded that Dr. Rubenfeld's findings suggested that Moye could perform the actions required to be capable of light work, she substituted her own medical judgment for Dr. Rubenfeld's. The medical evidence does not support the ALJ's conclusion that Moye had the residual functional capacity to perform light work, and the ALJ does not satisfactorily explain Dr. Rubenfeld's contradictory opinion that Moye was limited to sedentary work. Thus, similar to *Doak* and *Patton*, the ALJ's assessment of residual functional capacity is not supported by substantial evidence.

A district court reviewing a decision of the Commissioner of Social Security may affirm, modify, or reverse the decision, with or without remanding the case for a rehearing. 42 U.S.C. § 405(g). A district court should order the award of benefits without a remand "only when the

9
100118

occasionally carry up to ten pounds, could sit for six hours at a time, stand for one hour, and walk for one hour in an eight-hour workday. Moreover, Dr. Rubenfeld's conclusions are well-supported: he examined Moye and found significant limitations. The flexion of her lumbar spine was limited to 30 degrees out of 90. Rubenfeld Report, Ex. 5F, R. 344, ECF No. 7-7. Her shoulder range of motion was limited to 75 degrees out of 150 for forward elevation and 75 degrees out of 150 for abduction. R. 343. Dr. Rubenfeld found that right upright and both supine straight leg raising maneuver produced discomfort in the calf, and the left upright straight leg raising maneuver was positive. R. 341. Therefore, to the extent that the ALJ relied on this evidence in rejecting Dr. Rubenfeld's conclusions about Moye's limitations with respect to lifting, standing, and walking, the ALJ rejected Dr. Rubenfeld's conclusions for an incorrect reason.

Nor do the findings the ALJ cites establish on their own that Moye can occasionally lift twenty pounds, frequently lift and carry up to ten pounds, and walk and stand to the extent necessary to be capable of light work. To the extent that the ALJ concluded that Dr. Rubenfeld's findings suggested that Moye could perform the actions required to be capable of light work, she substituted her own medical judgment for Dr. Rubenfeld's. The medical evidence does not support the ALJ's conclusion that Moye had the residual functional capacity to perform light work, and the ALJ does not satisfactorily explain Dr. Rubenfeld's contradictory opinion that Moye was limited to sedentary work. Thus, similar to *Doak* and *Patton*, the ALJ's assessment of residual functional capacity is not supported by substantial evidence.

A district court reviewing a decision of the Commissioner of Social Security may affirm, modify, or reverse the decision, with or without remanding the case for a rehearing. 42 U.S.C. § 405(g). A district court should order the award of benefits without a remand "only when the

administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *See Zied v. Astrue*, 347 Fed. App'x 862, 865 (3d Cir. 2009) (quoting *Gilliland v. Heckler*, 786 F.2d 178, 184 (3d Cir. 1986)). This is the case here. The administrative record has been fully developed and indicates that Moye is disabled.[6] Where, as in this case, an ALJ errs by improperly weighing the evidence as opposed to failing to consider probative evidence, remand to the Social Security Administration is unnecessary. *See Benton for Benton v. Bowen*, 820 F.2d 85, 90 (3d Cir. 1987) (concluding that remand was not necessary because "[t]he problem is not that the Secretary failed to consider probative evidence, but rather that he improperly weighed the relevant evidence of record in arriving at his determination.").

## V. CONCLUSION

For the reasons discussed above, the decision of the Social Security Administration is reversed. This Court awards benefits to Plaintiff dating back to the onset of Moye's disability and remands back to the Social Security Administration for calculation and payment of the benefits due. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[6] The ALJ's determinations at steps one through three of the disability analysis are supported by substantial evidence, as are her conclusions that Moye has no past relevant work, is in the "closely approaching advanced age" category, has a limited education, and is able to communicate in English. As discussed, substantial evidence on the record shows that Moye has the residual functional capacity to perform sedentary work. Given these facts and the sedentary RFC, Rule 201.09 of the grid rules dictates a finding that Moye is disabled at the fifth step of the analysis.